UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ELTON HOUSTON,

      Plaintiff,

v.

      Case No. 2:07-cv-63
      HON. R. ALLAN EDGAR

GERALD RILEY, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma*. On April 27, 2007, this Court ordered service of Plaintiff's complaint on Defendants. On June 4, 2007, Defendants filed a motion to dismiss (docket #17) on the ground that Plaintiff failed to exhaust his available administrative remedies. However, because Defendants have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b). Plaintiff filed a response (docket #23) and brief (docket #24) on or about June 27, 2007. In addition, Defendants filed a reply to the response (docket #26) on July 10, 2007. Upon review, I recommend that Defendants' motion for summary judgment be denied.

### Applicable Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of

law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir.), *cert. denied*, 126 S. Ct. 650 (2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.), *cert. denied*, 126 S. Ct. 338 (2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief of the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues*

*of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## Facts

Plaintiff is presently incarcerated at the Alger Maximum Correctional Facility (LMF). In his *pro se* complaint, he sues Defendants Chaplain Riley and Special Activities Coordinator Dave Burnett. Plaintiff was denied placement on a Buddhist diet. Plaintiff asserts that he is entitled to due process during the diet interview because the interview was an administrative hearing. Plaintiff claims that Defendants' conduct violated his First Amendment rights and seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

## Discussion

Defendants claim that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state

3

administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ R, X. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y.

---

[1]The MDOC recently amended Policy Directive 03.02.130 on July 9, 2007. However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for medical care grievances. *Id.* at ¶ FF. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id.*

In addition, the grievance policy provides that, where the grievance alleges staff brutality or corruption, the grievance may be submitted directly to Step III. *Id.* at ¶S. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.*

In their brief in support of the motion for summary judgment, Defendants claim that Plaintiff has not properly exhausted his administrative remedies. Defendants attach a copy of the grievance inquiry for Plaintiff through May 22, 2007. According to the grievance inquiry, Plaintiff filed three grievances between December 12, 2006, the date of the interview with Defendant Riley, and March 30, 2007, when the complaint was filed. (Exhibit 1 to Defendants' brief in support of the

motion for summary judgment.) Plaintiff filed grievance number LMF-07-01-131-20e on January 11, 2007, in which he claimed that Defendant Riley had not informed him of the results of his Buddhist diet interview. During Plaintiff's interview regarding the grievance, Plaintiff claimed that he had not received a memo notifying him of the decision, which was to deny his request to be placed on a vegetarian diet. An additional copy of the memo was provided to Plaintiff. Instead of filing a grievance challenging the denial of a Buddhist diet, he filed a step II appeal raising the issue of the denial of his diet request. Plaintiff appealed the denial of the grievance to step III. (*See* Exhibit A to Plaintiff's complaint.)

In grievance number LMF-07-01-00182-28a, Plaintiff asserts that Defendants improperly denied his request for a Buddhist diet, and adds that Defendant Burnett was involved. This grievance was rejected as being duplicative of LMF-07-01-131-20e at step I. Plaintiff filed step II and III appeals. (*See* Exhibit B to Plaintiff's complaint.) Finally, Plaintiff filed grievance number LMF-07-01-00181-28a, in which he names all three Defendants and claims that they improperly denied him a Buddhist diet. The grievance was rejected as being duplicative of LMF-07-01-131-20e. (*See* Exhibit C to Plaintiff's complaint.)

Defendants claim that because Plaintiff did not properly exhaust his claim regarding the denial of a Buddhist diet at step I in LMF-07-01-131-20e, he cannot now file a civil rights action based on this claim. However, as noted above, when Plaintiff attempted to file his other two grievances on this issue, they were rejected as duplicative. The fact that Plaintiff's grievance was "duplicative" implies that he previously filed a grievance on the issues raised. Therefore, the undersigned concludes that Plaintiff's grievance number LMF-07-01-131-20e properly exhausted his claims against Defendant Riley.

Moreover, with regard to grievance numbers LMF-07-01-00182-28a and LMF-07-01-00181-28a, they were rejected as duplicative. MDOC Policy Directive 03.02.130, ¶ G, states that a grievance may be rejected when it is "vague, illegible, contains multiple unrelated issues, or raises issues that are duplicative of those raised in another grievance filed by the grievant." The MDOC properly rejected grievance number LMF-07-01-00181-28a against Defendant Riley for being duplicative of LMF-07-01-131-20e, which asserts that Defendant Riley failed to submit his request for a Buddhist diet. The MDOC also properly rejected LMF-07-01-00181-28a against Defendant Burnett for being duplicative of LMF-07-01-00182-28a, in which he claimed that Defendant Burnett improperly denied the request for a Buddhist diet. However, Defendant Bergh had not been previously raised in either LMF-07-01-131-20e or LMF-07-01-00182-28a. Therefore, this grievance was not duplicative as to Defendant Bergh, in that this was the first instance in which Plaintiff claimed that Defendant Bergh improperly approved the unconstitutional conduct of Defendants Riley and Burnett and denied him a Buddist diet.

Moreover, LMF-07-01-00182-28a was improperly rejected as duplicative as to Defendant Burnett, as he was not named in LMF-07-01-131-20e. As noted above, Plaintiff filed LMF-07-01-00182-28a against Defendant Burnett for failing to accommodate Plaintiff's vegetarian diet in accordance with the practices of his religion. Therefore, the undersigned concludes that Plaintiff properly exhausted his remedies with regard to the named Defendants in this case. Accordingly, the undersigned recommends that Defendants' motion for summary judgment be denied.

**Recommended Disposition**

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (docket #17) be denied.

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   February 25, 2008

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).